# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                                            No. CR 08-1631 JAP

DOUGLAS LOTTS,
    Defendant.

## MEMORANDUM OPINION AND ORDER

On December 15, 2008, Defendant Douglas Lotts (Defendant) pleaded guilty to two counts of Possession with Intent to Distribute 50 Grams and More of Methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A) and one count of Conspiracy to Violate 21 U.S.C. § 841(b)(1)(A) in violation of 21 U.S.C. § 846.[1] The Court sentenced Defendant to 235 months imprisonment.[2] Subsequently, on August 18, 2015 the Court reduced Defendant's sentence to 188 months because of a retroactive reduction in Defendant's previous guideline sentencing range.[3] Defendant has served approximately 142 months of this term.

On August 7, 2019, Defendant submitted a Request for Elderly Release or Reduction in Sentence and Placement to Warden Cutright at the Federal Prison Camp in Beaumont, Texas. Before receiving a response from the Bureau of Prisons (BOP), on October 30, 2019, Defendant filed a pro se MOTION FOR COMPASSIONATE LEAVE (Doc. 127) (Motion). That same day, Defendant asked the Court to appoint him counsel, which the Court did.[4] On November 18, 2019, Defendant's counsel supplemented Defendant's pro se motion with APPOINTED

---

[1] PLEA AGREEMENT (Doc. 78).
[2] JUDGMENT (Doc. 95).
[3] ORDER REGARDING MOTION FOR SENTENCING REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) (Doc 114).
[4] MOTION TO APPOINT COUNSEL (Doc, 126) and ORDER (Doc. 128) (granting motion).

1

COUNSEL'S BRIEF IN SUPPORT OF PRO SE MOTION FOR COMPASSIONATE RELEASE (Doc. 131) (Supporting Brief). On December 6, 2019, Plaintiff United States of America (Government) sought a stay of Defendant's Motion until the BOP completed administrative review of Defendant's request for compassionate release.[5] The Court granted the stay.[6]

On January 28, 2020, the Government responded to Defendant's Motion in UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO FIRST STEP ACT (Doc. 134) (Response). The Government's Response notified the Court that the BOP had denied Defendant's request for compassionate leave on January 6, 2020 and urged the Court to adopt the BOP's decision. On January 31, 2020, Defendant replied in REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR COMPASSIONATE RELEASE PURSUANT TO THE FIRST STEP ACT (Doc. 136) (Reply). After reviewing the briefs, the exhibits, and the arguments of counsel, the Court will deny Defendant's Motion, because he has not provided evidentiary support.

## ANALYSIS

After a court has imposed a sentence, it may modify that sentence only on the narrow grounds delineated in 18 U.S.C. § 3582. *See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *United States v. Spaulding*, 802 F.3d 1110, 1121 n.11 (10th Cir. 2015) (discussing three sources of authority for modification). One avenue for modification is "compassionate release." Until the enactment of the First Step Act (FSA) on December 21, 2018, a motion based on compassionate release could only be brought by the BOP. The FSA amended § 3582(c)(1)(A) to

---

[5] UNITED STATES' UNOPPOSED MOTION FOR STAY OF DEFENDANT'S MOTION FOR COMPASSIONATE RLEASE PURSUANT TO THE FIRST STEP ACT (Doc. 132).
[6] ORDER (Doc. 133).

permit a defendant to make this motion. FSA, PL 115-391, December 21, 2018, 132 Stat. 5194, § 603. An inmate may exercise that right only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant filed his request with the BOP on August 7, 2019. More than 30 days after his request to BOP, Defendant filed his Motion on October 30, 2019. Defendant has properly brought the Motion.[7]

Section 3582(c)(1)(A) lists the circumstances that permit compassionate release. Subsection (i) indicates that compassionate release is established when "extraordinary and compelling circumstances warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).[8] The United States Sentencing Guidelines Manual (U.S.S.G. in citations or Guidelines in text) gives the policy statement for compassionate release in § 1B1.13. U.S.S.G. § 1B1.13 (U.S. Sentencing Comm'n 2018).

The text of § 1B1.13 provides that a defendant must show three things to establish his eligibility for sentence modification: 1) there are "extraordinary and compelling reasons" that indicate modification is appropriate; 2) the defendant "is not a danger to the safety of any other person or to the community;" and 3) and "the reduction is consistent with this policy statement."

---

[7] Although the Government recognizes that Defendant meets this requirement, it still suggests that the Court deny Defendant's Motion because Defendant filed the motion before he received an adverse decision by the BOP. *See* Response (Doc. 134) at 3-4. Because the Court denies the Motion on other grounds, and the Government recognizes that Defendant technically meets the requirements, the Court will not further address this argument.

[8] Defendants also may be eligible for compassionate release under § 3582(c)(1)(A) (ii) if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community as provided under section 3142(g)." Defendant does not argue that § 3582(c)(1)(A)(ii) is applicable here.

§1B1.13(1)-(3). The application notes for § 1B1.13 offer four definitions of "extraordinary and compelling circumstances." § 1B1.13 cmt. n.1(A)-(D). Defendant relies on the definitions found in comments 1(B) and (D).

Comment 1(B) explains that a defendant may show extraordinary and compelling circumstances when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." § 1B1.13 cmt. n. 1(B). Both parties agree that Defendant is 70 years old, has been continuously incarcerated since April 18, 2008, and has served 75 percent of his term. At issue under 1(B) is whether Defendant presents a serious deterioration in physical or mental health because of his aging process. Defendant asserts that he meets the criteria for the following reasons:

1. Defendant has substantial health problems, including "stage two diabetes," chronic asthma, congestive heart failure (which required angioplasty), high blood pressure, and severe arthritis in his hands, knees, and feet;
2. Defendant has not received adequate health treatment in prison. His "undertreated diabetes" has caused both blackouts which have resulted in physical injury and the amputation of at least one toe;[9]
3. Defendant is on approximately fifteen medications.

Motion (Doc. 127) at 2; Supporting Brief (Doc. 131) at 6. But Defendant has not provided the Court with any evidence substantiating these conditions, much less their severity.

Alternatively, Defendant argues that comment 1(D) applies. Under 1(D), compassionate release may be appropriate for "an extraordinary and compelling *reason other than or in combination with*, the reasons described in subdivisions (A) through (C)." § 1B1.13 cmt. 1(D). To establish his eligibility under 1(D), Defendant refers to a BOP program statement that describes the procedures for applying 18 U.S.C. § 3582 as amended by the FSA. *See* Federal Bureau of Prisons P5050.50, Compassionate Release

---

[9] Defendant states that he has been advised that "another toe would be amputated soon due to the diabetes." Supporting Brief (Doc. 131) at 6.

Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(G) 2019 (P.5050.50).

Section 4(c) of P5050.50 gives the criteria for elderly inmates requesting compassionate release for non-medical reasons as "[i]nmates age 65 or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced." P5050.50 § 4(c). Section 4 further states that all requests pursuant to its terms "should be assessed using the factors outlined in Section 7." *Id.* § 4. These factors include, among others, a defendant's criminal history, comments from victims, whether release would minimize the severity of the offense, disciplinary infractions, and personal history derived from the PSR. P5050.50 § 7.

Defendant argues that he is eligible under P5050.50 § 4(c) because he is 65 and has served more than 75 percent of his term of imprisonment.[10] Defendant does not specifically address the P5050.50 § 7 factors. Defendant attaches to his Supporting Brief a copy of his "Individualized Reentry Plan – Program Review" which includes an assessment of his time in prison, but he does not attach any other substantive evidence. Supporting Brief (Doc. 131-1). Significantly, the BOP did address Defendant's time in prison and determined that Defendant did not meet the P5050.50 § 7 criteria. Defendant has not provided this Court with any evidence or argument that would contradict the BOP's assessment or explain why it was wrong. While the Court does not defer to the BOP's conclusions, those conclusions are a factor that bear weight.

Although it appears that Defendant might be eligible for compassionate release, the Court cannot make an informed evaluation due to lack of evidence. Defendant has not submitted affidavits or medical

---

[10] The Court observes that there is an internal inconsistency in Defendant's interpretation of P5050.50 § 4(c) and the definitions given in § 1B1.13 cmt.1(A)-(D). Defendant argues that P5050.50 § 4(c) is an interpretation of 1B1.13 cmt. 1(D), but 1(D) requires a Defendant to show "an extraordinary and compelling reason *other than or in combination with*, the reasons described in subdivision (A) through (C)." *Id.* (emphasis added). Comment 1B specifies the same age and term of imprisonment found in P5050.50 § 4(c). *Id.* cmt. 1(B). If 1(D) mandates only two of the criteria of 1(B)—age and term of imprisonment"— as Defendant suggests that § 4(c) stipulates, then 1(D) does not list criteria that are "*other than*" or "*in combination with*" the other definitions. The § 7 factors in P5050.50 do not further differentiate 1(D) because § 4 makes these factors applicable to all compassionate leave requests. Because the Court decides this Motion on other grounds, it will not further address these inconsistencies.

records documenting his health conditions or additional evidence in support of his Motion. Consequently, the Court will not grant Defendant's Motion because he has not met his evidentiary burden.

The Court welcomes a motion to reconsider this Memorandum Opinion and Order provided the motion has enough evidentiary support.

IT IS ORDERED that Defendant's MOTION FOR COMPASSIONATE LEAVE (Doc. 127) (Motion) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE